# Exhibit A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/18/2025
CT Log Number 548665624

## Service of Process Transmittal Summary

**TO:**  Amanda Willhite, Compliance Specialist
Revelyst Operations LLC
1 VISTA WAY
ANOKA, MN 55303-6794

**RE:**  **Process Served in California**

**FOR:**  Camelbak Products, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MURIEL FRANCIS-HOYLE, individually and on behalf of all others similarly situated // To: Camelbak Products, LLC |
| **CASE #:** | 25STCV07440 |
| **NATURE OF ACTION:** | Product Liability Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/18/2025 at 13:31 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Amanda Willhite  amanda.willhite@revelyst.com |
| | Email Notification,  Cindy Arvanites  cindy.arvanites@revelyst.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 866-401-8252 LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                   Tue, Mar 18, 2025
**Server Name:**                     Jimmy Lizama

| Entity Served | CAMELBAK PRODUCTS, LLC |
|---|---|
| Case Number | 25STCV07440 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CamelBak Products, LLC

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**3/14/2025 9:49 AM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By G. Cordon, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Muriel Francis-Hoyle, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**25STCV07440** |

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander E. Wolf, Milberg Coleman Bryson Phillips Grossman PLLC, 280 S. Beverly Drive, Beverly Hills, CA 90212  (872) 365-7060

DATE: **03/14/2025**      Clerk, by _____ **G. Cordon** _____, Deputy
*(Fecha)*                  *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CamelBak Products, LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Alexander E. Wolf (CA Bar No. 299775)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel: 872-365-7060
awolf@milberg.com

Hassan A. Zavareei (CA Bar No. 181547)
Shana Khader (PHV forthcoming)
F. Peter Silva II (CA Bar No. 348070)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
P: (202) 973-0900
F: (202) 973-0950
hzavareei@tzlegal.com
skhader@tzlegal.com
psilva@tzlegal.com

Cort T. Carlson (CA Bar No. 348126)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: 510-254-6808
F: 202-973-0950
ccarlson@tzlegal.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/14/2025 9:49 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

MURIEL FRANCIS-HOYLE, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

CAMELBAK PRODUCTS, LLC,

Defendant.

CASE NO: 25STCV07440

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Muriel Francis-Hoyle ("Plaintiff"), on behalf of herself and all others similarly situated, brings this Class Action Complaint against CamelBak Products, LLC ("CamelBak" or "Defendant"), and alleges as follows, as to herself and her own acts and experiences, upon personal knowledge and, as to all other matters, upon information and belief based on the investigation of counsel.

## NATURE OF THE CASE

1. CamelBak sells high-end water containers, including plastic water bottles, with the unqualified promise on some of its products that they are "made with 50% recycled material" prominently displayed on the exterior of the product packaging. Accordingly, Plaintiff Francis-Hoyle and putative Class Members each purchased CamelBak's products based on the reasonable belief that the CamelBak product(s) they purchased were indeed "made with 50% recycled material." But this representation is false, or at minimum highly misleading.

2. The promise that certain of CamelBak's products are "made with 50% recycled material"—which is prominently displayed on the exterior of the product packaging—is false and misleading because the products advertised may actually contain *no recycled material at all* or may contain only some *unquantified* amount of recycled material.

3. The products that CamelBak promises are 50% recycled also include the term "Tritan Renew" on product packaging. However, nowhere on product packaging does CamelBak explain what Tritan Renew is: a type of plastic produced by Eastman Chemical Company that is made according to a system called "mass balance," where plastic producers can collect credits for recycling products and apply those credits to the manufacture of new plastic products, regardless of whether those products actually contain any recycled plastic at the product-level. Rather than explain this process, CamelBak deceptively advertises that each product featuring a Tritan Renew sticker is made with 50% recycled material, leading consumers to pay more than they otherwise would have paid under the reasonable belief that they are buying a 50% recycled product, when they are not.

4. Because Plaintiff and putative Class Members purchased CamelBak's Tritan Renew products in part based on CamelBak's promise that the products they purchased were

CLASS ACTION COMPLAINT                                                                    1

"made with 50% recycled material" when they were not, Plaintiff and putative Class Members spent money that they otherwise would not have spent and have been injured as a result. As such, Plaintiff brings this action on her own behalf and on behalf of similarly situated putative Class Members for CamelBak's violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"). Plaintiff also brings claims for Fraud/Fraudulent Concealment and Unjust Enrichment.

## PARTIES

**A.    Plaintiff**

5.    Plaintiff Muriel Francis-Hoyle is a natural person and a citizen of the State of California and a resident of Los Angeles County. Ms. Francis-Hoyle purchased a CamelBak Eddy+ 25oz Tritan Renew water bottle that featured the 50% recycled material representation for $15.99 from a Target store in Westlake Village, CA on March 27, 2023.

6.    Prior to making her purchase, Ms. Francis-Hoyle saw Defendant's unqualified label statement promising that the water bottle was "made with 50% recycled material." Defendant's unqualified promise that the water bottle was made with 50 percent recycled material was a substantial factor in Ms. Francis-Hoyle's decision to purchase the product. However, the water bottle Plaintiff purchased is likely not made with 50 percent recycled material and, under the "mass balance" manufacturing protocol, may contain no recycled material at all. This is in part because "mass balance" makes it impossible for CamelBak to determine the quantity of recycled material that a particular product is made with. Accordingly, the statement is false and misleading.

7.    Had Ms. Francis-Hoyle known that the CamelBak product did not include, or risked not including, 50 percent recycled material, she would not have purchased it or would have paid substantially less for it.

8.    Ms. Francis-Hoyle continues to be interested in purchasing water bottles that are actually made with 50 percent recycled material, including a CamelBak product. However, she will be unable to trust and rely on CamelBak's labeling and advertising, and so will not purchase

the product from CamelBak. Indeed, if CamelBak were to remove its misleading and unlawful promise and lower the price of the product accordingly or provide products that are each actually made with 50 percent recycled material, Ms. Francis-Hoyle would be interested in purchasing the product again. Ms. Francis-Hoyle is thus at risk of future harm because of her inability to rely on the validity of the information in CamelBak's marketing moving forward—despite her desire to purchase a product conferring such a benefit and future need to purchase water bottles.

**B.    Defendant**

9.    Defendant CamelBak Products, LLC is a Delaware limited liability company with its principal place of business in Petaluma, CA.

<u>**JURISDICTION AND VENUE**</u>

10.    This is a class action lawsuit brought pursuant to Code of Civil Procedure § 382, and this Court has jurisdiction over Plaintiff's claims because the amount in controversy exceeds this Court's jurisdictional minimum.

11.    This Court has subject matter jurisdiction over this action pursuant to California Business and Professions Code §§ 17203, 17204, 17535, and California Civil Code §1780.

12.    This Court has jurisdiction over CamelBak because it regularly conducts and/or solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from products and/or services provided to persons in this District and in this State.

13.    This Court has jurisdiction over the parties because Plaintiff submits to the jurisdiction of this Court; Defendant purposefully availed itself of the benefits of Los Angeles County by selling products there; the controversy at issue arises from Defendant's contacts with Los Angeles County because Defendant's misrepresentations and omissions were made to Plaintiff in Los Angeles County; and the Court's exercise of personal jurisdiction over Defendant comports with fair play and substantial justice in that, *inter alia*, Defendant enjoys the benefits of selling millions of products in California and has the reciprocal obligation to answer for harms to California residents here, California has an interest in ensuring its residents may seek adjudication of their rights under California law within the state, and Plaintiff has an interest in obtaining the convenient and effective relief that is available to her in her home county.

CLASS ACTION COMPLAINT    3

14.     Venue is proper in this Court pursuant to California Code of Civil Procedure §§ 395 and 395.5, California Business and Professions Code §§ 17203, 17204, and 17535, and California Civil Code § 1780(d) because Defendant does business in this county and one of Plaintiff's transactions with Defendant took place in this county. Plaintiff's declaration stating facts showing that this action has been commenced in a proper place for trial is attached.

## FACTS COMMON TO ALL CLAIMS

15.     CamelBak sells outdoor equipment. Its best-selling plastic water bottles include a large bold promise on its product packaging that each of its Tritan Renew water bottles ("Products") is "made with 50% recycled material." However, the 50 percent recycled material representation ("Recycled Representation") is false and misleading.

### A.     The Market for Reusable Water Bottles

16.     CamelBack designs, manufactures, markets, and sells outdoor equipment and is widely known for its beverage containers, including plastic water bottles, for use during outdoor activities and everyday life. CamelBak made a splash in the beverage container industry with its slogan "Hydrate or Die" and it is one of a handful of companies that together comprise up to 15 percent of the market share of what is a massive, $9.2 billion global reusable water bottle market.[1]

17.     In 2015, CamelBak was sold to Vista Outdoor for $412.5 million, becoming part of its Revelyst portfolio of brands.[2] Recently, Vista Outdoor agreed[3] to sell Revelyst—including CamelBak—to a private equity group called Strategic Value Partners, finalizing the sale in January 2025 for $1.1 billion.[4]

---

[1] Transparency Market Research, https://www.transparencymarketresearch.com/reusable-water-bottles-market.html.

[2] Chelsey Dulaney, THE WALL STREET JOURNAL, "Vista Outdoor to Buy CamelBak for $412.5 Million," (July 27, 2015), https://www.wsj.com/articles/vista-outdoor-to-buy-camelbak-for-412-5-million-1438003953.

[3] Anirban Sen and Abigail Summerville, REUTERS, "Exclusive: Vista Outdoor strikes deal to sell itself in two parts for $3.4 billion," (Oct. 4, 2024), https://www.reuters.com/markets/deals/vista-outdoor-strikes-deal-sell-itself-two-parts-34-billion-2024-10-05/.

[4] "Vista Outdoor Announces Completion of CSG Transaction," Businesswire,

CLASS ACTION COMPLAINT                                                                    4

18.     But competition in the reusable water bottle marketplace is also growing, incentivizing brands like CamelBak to differentiate themselves by advertising product features that are increasingly important to many consumers, including product sustainability.

19.     Indeed, consumers are increasingly interested to know about the sustainability of products and often make purchasing decisions based on sustainability, including whether a product is made with recycled materials.

20.     In surveys conducted by the globally recognized McKinsey & Company, 78 percent of U.S. consumers say that a sustainable lifestyle is important to them[5] and 60 percent of respondents said they would pay more for a product with sustainable packaging.[6]

21.     Corporations like CamelBak stand to profit from consumers' interest in sustainable products. Indeed, products making Environmental, Social, and Governance (ESG)-related claims averaged 28 percent cumulative growth over a five-year period, versus 20 percent for products that made no such claim.[7]

22.     But due to the explosive growth in popularity of reusable water bottles, which is driven by consumers' increasing environmental awareness and their demand for sustainable alternatives to single-use plastics, the reusable water bottle market is increasingly a competitive one.[8] Indeed, corporations that do not make meaningful sustainability claims stand to lose out or fall behind. This is because consumer demand and loyalty are both increasingly driven by

---

https://www.businesswire.com/news/home/20250103511154/en/Revelyst-Announces-Completion-of-Transaction-with-Strategic-Value-Partners

[5]  https://www.mckinsey.com/industries/consumer-packaged-goods/our-insights/consumers-care-about-sustainability-and-back-it-up-with-their-wallets.

[6]      https://www.mckinsey.com/industries/packaging-and-paper/our-insights/sustainability-in-packaging-inside-the-minds-of-us-consumers.

[7] Id.

[8]  https://www.infopack.es/en/new/reusable-water-bottles-market-trends-growth-and-innovations-in-sustainable-hydration-solutions#:~:text=The%20Reusable%20Water%20Bottles%20Market,3.6%25%20from%202024%20to%202032.

CLASS ACTION COMPLAINT                                                                                    5

consumers' interest in sustainability.[9]

23.     CamelBak identifies itself as a "household name."[10] In order to retain that title in a changing, increasingly competitive, reusable water bottle market, CamelBak is incentivized to make its purported commitment to sustainability stand out.

**B.     CamelBak's Representation that it is "Made With 50% Recycled Material"**

24.     CamelBak prominently and consistently displays that its Tritan Renew Products are "made with 50% recycled material" on its packaging in stark bold white print that stands out against bright blue pop-outs on otherwise dark packaging, as shown in detail below.

25.     Similarly, online and as shown below, CamelBak prominently and consistently displays prominent images or text showing that its Tritan Renew Products are "made with 50% recycled material."

26.     CamelBak uses these consistently displayed advertisements to differentiate itself in the growing reusable water bottle market and to sell its Products at a premium price.

27.     Image (1) depicts a shelving display of CamelBak Tritan Renew Products, which prominently advertise that the Products are "made with 50% recycled material," while Images (1)(a) and (1)(b) depict close-up views of the same Product packaging prominently advertising that the Products are "made with 50% percent recycled material" in two places on the packaging.

---

[9] https://hbr.org/2023/09/research-consumers-sustainability-demands-are-rising.

[10] CamelBak Website, About Us, https://www.camelbak.com/about/companyhistory.html.

CLASS ACTION COMPLAINT                                                                      6



Image (1)



Image (1)(a)                    Image (1)(b)

CLASS ACTION COMPLAINT                                                    7

28. Similar advertising appears on retailer websites like Amazon and Target. This advertising is generated by CamelBak and shown on third-party retailer websites at CamelBak's direction and with CamelBak's consent. Image (2) depicts the Amazon page for the CamelBak Chute Mag with Tritan Renew Product, which includes a prominent advertisement for CamelBak Tritan Renew Water Bottles: "Satisfy your thirst for sustainability. Meet your favorite water bottles in Tritan Renew – a new plastic made with 50% recycled content."



**CamelBak Tritan Renew Water Bottles**
Satisfy your thirst for sustainability. Meet your favorite water bottles in Tritan Renew - a new plastic made with 50% recycled content.

Sip or flow: there's a bottle and a cap for everyone. So you can help reduce the use of single-use plastics while helping to recycle what's already been made.

**The Everyday Bottle Collection**

  

**Image (2)**

29. Image (3) is a representative Target listing for CamelBak Tritan Renew water bottles and states "Made with 50% recycled material."

⊙   **Categories**      **Deals**      **New & featured**      **Pickup & delivery**

Shop all CamelBak

**CamelBak Eddy+ 25oz Tritan Renew Water Bottle - Purple**

★ ★ ★ ★ ☆ 419 ˅ ┊ 7 Questions

∧ **Details**

**Highlights**

- Tritan™ Renew Copolyester: Made with 50% recycled material
- Leak Proof: Leak-proof when closed, spill-proof when open
- Flip, Bite, Sip: Drink through straw
- Easy to Clean: Cap and vessel dishwasher safe
- Holds 25oz (.75L)
- Lightweight and Durable
- Odor and Stain Resistant
- Drink Clean: BPA, BPS, and BPF free

**Image (3)**

30.   Based on these prominently and consistently displayed advertisements, reasonable consumers purchasing CamelBak's Tritan Renew Products believe (1) each bottle contains 50% recycled material, and (2) each bottle does not risk containing substantially less than 50% recycled material, let alone 0%.

31.   The Recycled Representation advertised on the packaging of CamelBak's Products does not identify or direct a consumer to any text, asterisk, or written limitations, rather the package only includes the language as identified in the pictures above.

32.   In retail locations, CamelBak does not provide any additional details or language of the Recycled Representation to consumers prior to purchase.

**C.   CamelBak 50% Recycled Material Representation Is False and Misleading**

33.   CamelBak's advertisements that its Products are "made with 50% recycled material" is misleading, deceptive, and false.

CLASS ACTION COMPLAINT                                                                 9

34.     Eastman Chemical introduced the durable plastic called Tritan Renew in 2020, stating that it was made with "up to 50 percent recycled content from waste plastic."[11] Eastman makes this claim by using a green certification system called "mass balance," which allows companies like Eastman to build up credits for recycling plastic and then apply them to the manufacture of any number of products, regardless of how much recycled material they contain.[12]

35.     This "mass balance" credit-based system is particularly useful for companies like Eastman and CamelBak, which rely on chemical recycling—a newer method of recycling that uses high temperatures, pressurization, and chemical solvents not to simply melt plastic but to break it down into its chemical building blocks, which are then mixed with other materials including virgin plastic, to make new products.[13]

36.     However, the "mass balance" only broadly accounts for a plastic manufacturer's input and output in the aggregate based on overall production. In other words, mass balance says little to nothing about the percentage of recycled material that a particular product is made with. And it is impossible to state the true percentage of recycled material that a "mass balance" product is actually made with.

37.     In other words, mass balance allows Eastman to tally the building-block molecules that it distills from recycling plastic and list them in a materials inventory, receive recycling "credit" for those molecules, and then assign those credits to what it manufactures, regardless of any actually recycled materials in what has been manufactured. And the mass-balance protocol allows Eastman to assign all or most of these "credits" to a single product, *regardless of whether that product actually contains recycled materials*.

---

[11] Julia Creswell and Hiroko Tabuchi, The New York Times, "Is Your Water Bottle Really Made From Recycled Plastic?" (Aug. 26, 2024), https://www.nytimes.com/2024/08/26/business/energy-environment/tritan-renew-plastic-bottles-recycled.html.

[12] *Id.*

[13] *Id.*

38. Indeed, when asked about the amount of recycled plastic in water bottles sold by CamelBak, a senior technical leader for the Circular Economy and Life Cycle Assessment at Eastman Chemical said "[i]t could be a very low percentage [of recycled material] that is physically in there; it could be a high percentage. You *can't know* how much."[14]

39. The fact that CamelBak *can't know* the percentage of recycled material in a particular CamelBak Tritan Renew Product is proof that CamelBak's specific "50%" representation is false, misleading, and deceptive, regardless of the actual amounts of recycled material in those Products. That is, the Products risk containing far less than 50% recycled material, down to 0%. Similarly, it is all but certain that in many instances, CamelBak's Tritan Renew Products actually contain far less than 50% recycled material.

40. Additionally, CamelBak omits critical information that may qualify, limit, or explain its Recycled Representations, thereby heightening the deception.

41. Finally, CamelBak concedes that its Recycled Representations are false. Specifically, CamelBak *admits* that its Tritan Renew products are only made with 50 percent recycled material "on average," as made possible through mass balance allocation.[15] Yet, despite this concession, its product packaging and advertisements remain unchanged as of the time of this filing, perpetuating the deception and continuing to cause harm to consumers.

42. In short, the Products likely do not contain 50% recycled material, and are at risk of containing 0% recycled material. None of this information is disclosed by CamelBak. Yet CamelBak advertises the Products as made with 50% recycled material without qualification.

**D.      CamelBak's Recycled Representation is Material to Reasonable Consumers**

43. CamelBak's Recycled Representation is a prominent promotional tool that CamelBak uses to differentiate its water bottles in the marketplace and to sell its water bottles at a premium price. For this reason, CamelBak emphasizes the Recycled Representations on product packaging and in other advertising, as described above in paragraphs 24 - 42.

---

[14] *Id.* (emphasis added).

[15] *Id.*

44. Consumers recognize the importance of sustainability and corporate advertisements regarding the same, including about recycled materials, as illustrated by the market studies discussed above in paragraphs 18 - 22. For these reasons, CamelBak's Recycled Representation is material to reasonable consumers.

## CLASS ACTION ALLEGATIONS

45. Plaintiff repeats and re-alleges each and every fact, matter, and allegation set forth in the paragraphs above and incorporates them at this point by reference as though set forth in full.

46. Plaintiff brings this action on behalf of herself and, pursuant to California Code of Civil Procedure § 382 and California Civil Code § 1781, on behalf of all California residents that purchased a CamelBak Tritan Renew Product during the time period beginning four years before the date of filing of this complaint (the "Class"). Excluded from the putative Class are Defendant, any parent, affiliate, subsidiary entity, or entity in which Defendant has a controlling interest, officers, directors, and employees of Defendant, members of their immediate families, and their heirs, successors, and assigns.

47. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

48. The putative Class likely consists of at least hundreds of thousands of persons who purchased CamelBak Products in California. The membership of the putative Class is so numerous and dispersed geographically throughout California that actual joinder of all the putative Class Members is impracticable.

49. Plaintiff's claims are typical of the claims of the members of the putative Class because Plaintiff and each member of the putative Class was exposed to Defendant's false and misleading advertising.

50. Plaintiff is a proper representative of the putative Class and will fairly represent and protect the interests of the putative Class because, among other things, Plaintiff's interests do not conflict with the interests of the putative Class.

51. Plaintiff's attorneys are skilled and experienced in complex litigation matters, including class actions.

CLASS ACTION COMPLAINT                                                                12

52.    Common questions of law and fact exist as to all members of the putative Class and predominate over questions that impact only individual members of the putative Class such that there is a well-defined community of interest among the putative Class members. Among the many questions of law and fact common to the putative Class are the following:

a.    Whether Defendant engaged in the conduct as alleged herein;

b.    Whether Defendant unlawfully misrepresented the Recycled Representation included with its Products;

c.    Whether Defendant intentionally misrepresented the Recycled Representation included with its Products;

d.    Whether Defendant negligently misrepresented the Recycled Representation included with its Products;

e.    Whether Defendant has been unjustly enriched as a result of its deceptive Recycled Representation and product packaging;

f.    Whether Defendant's deceptive Recycled Representation and product packaging violates the CLRA;

g.    Whether Defendant's deceptive Recycled Representation and product packaging violates the UCL;

h.    Whether Defendant's deceptive Recycled Representation and product packaging violates the FAL;

i.    Whether Plaintiff and the putative Class are entitled to restitution of the benefit of the bargain of the alleged Recycled Representation that Defendant does not provide;

j.    Whether Plaintiff and the putative Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit;

k.    Whether Plaintiff and the putative Class have sustained financial loss and the proper measure of any such financial loss;

l.    Whether Plaintiff and the putative Class are entitled to damages, and the proper measure of any such damages;

m.    Whether Plaintiff and the putative Class are entitled to injunctive relief; and

n.    Such other common factual and legal issues as are apparent from the allegations and causes of action asserted in this Complaint.

CLASS ACTION COMPLAINT                                                                                    13

53.    In addition, the prosecution of separate actions by members of the putative Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant, while adjudications with respect to putative Class and Plaintiff would, as a practical matter, be dispositive of the interests of the other members of the putative Class.

54.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative Class is both numerous and its membership is geographically widespread across California. Furthermore, as the individual damages of any one member of the putative Class are relatively small, the expense and burden of the individual litigation make it impossible for the members of the putative Class to individually redress the wrongs committed against them and the damages suffered by them. Plaintiff knows of no difficulty that should be encountered in the management of this litigation that would preclude the maintenance of this suit as a class action.

## FIRST CAUSE OF ACTION

Violation Of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code §§ 1750, *et seq.*
(On Behalf of Plaintiff and the Putative Class)

55.    Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

56.    Plaintiff brings this claim individually and on behalf of the members of the putative Class against Defendant.

57.    This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

58.    Plaintiff and the other members of the putative Class are "consumers," as the term is defined by California Civil Code § 1761(d).

59.    Plaintiff and the other members of the putative Class, and Defendant, have engaged in "transactions," as the term is defined by California Civil Code § 1761(e).

60.    At all relevant times, Defendant was a "person" as defined by Cal. Civ. Code § 1761(c).

CLASS ACTION COMPLAINT                                                                14

61. Defendant violated and continues to violate the following provisions of the CLRA:

    a. Advertising goods or services with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

    b. Misrepresenting that goods are of a particular standard, quality, or grade (Cal. Civ. Code § 1770(a)(7)); and

    c. Representing that goods do have characteristics they do not actually have (Cal. Civ. Code § 1770(a)(5)).

62. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by selling Tritan Renew Products with the unqualified promise that they are "made with 50% recycled material" prominently displayed on the exterior of the product packaging and the online marketplace. The Recycled Representation prominently displayed on the exterior of the product packaging and in online advertising is, in fact, false and misleading because (i) the "mass spectrum" recycling method does not and cannot support the exact percentage of recycled material that a particular Product is made with, (ii) many of CamelBak's Tritan Renew Products actually contain far less than the advertised 50 percent recycled material, and this risk is undisclosed (iii) CamelBak omits critical information that would explain or clarify the method used to determine the amount of recycled material used in the production process, and (iv) CamelBak has publicly admitted that its Tritan Renew Products are only made with 50 percent recycled material "on average" as made possible through mass balance allocation, but (v) CamelBak has failed to remove or adjust product packaging and advertisements that, as of the time of this filing, continue to advertise that each CamelBak Tritan Renew Product is "made with 50% recycled material" when they are not.

63. Because Plaintiff and putative Class Members purchased CamelBak Tritan Renew Products in substantial part based on CamelBak's Recycled Representation, Plaintiff and putative Class Members spent money that they otherwise would not have spent and have been injured as a result.

64. Plaintiff and putative Class Members are reasonable consumers who expected each Product to be made with 50 percent recycled material as displayed on outer packaging and online.

CLASS ACTION COMPLAINT                                                    15

65.    As a result of Defendant's conduct and unfair or deceptive acts or practices, Plaintiff and the putative Class Members suffered actual damages in that the Products are not as advertised and are not worth the amount paid, and Defendant has deprived Plaintiff and the putative Class Members of the benefit of their bargain.

66.    Plaintiff and the putative Class Members seek an order enjoining Defendant's unfair or deceptive acts or practices, equitable relief, and an award of attorneys' fees and costs under Cal. Civ. Code § 1780(e).

67.    Pursuant to Cal. Civ. Code § 1782, Ms. Francis-Hoyle and the putative Class Members notified Defendant in writing by certified mail sent on March 13, 2025 of its violations of § 1770 described above and demanded that it correct the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to do so. If Defendant does not agree to rectify the problems identified and give notice to all affected consumers within 30 days of receipt of written notice, Plaintiff will amend this Complaint to seek actual, punitive, and statutory damages, as appropriate. At this time, Plaintiff seeks only injunctive or other equitable relief under the CLRA.

## SECOND CAUSE OF ACTION

Violation of California's Unfair Competition Law ("UCL"),
California Business and Professions Code §§ 17200, *et seq.*
(On Behalf of Plaintiff and the Putative Class)

68.    Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

69.    Plaintiff brings this claim individually and on behalf of the members of the putative Class against Defendant.

70.    The UCL prohibits "any unlawful, unfair or fraudulent business act or practice ...." Cal. Bus. & Prof. Code § 17200.

71.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, unlawful, and misleading acts and practices by selling Tritan Renew Products with the unqualified promise that they are "made with 50% recycled material" prominently displayed on the exterior

CLASS ACTION COMPLAINT                                                                      16

of the product packaging and the online marketplace. The Recycled Representation prominently displayed on the exterior of the product packaging and in online advertising is, in fact, false and misleading because (i) the "mass spectrum" recycling method does not and cannot support the exact percentage of recycled material that a particular Product is made with, (ii) many of CamelBak's Tritan Renew Products actually contain far less than the advertised 50 percent recycled material, and this risk is undisclosed, (iii) CamelBak omits critical information that would explain or clarify the method used to determine the amount of recycled material used in the production process, and (iv) CamelBak has publicly admitted that its Tritan Renew Products are only made with 50 percent recycled material "on average" as made possible through mass balance allocation, but (v) CamelBak has failed to remove or adjust product packaging and advertisements that, as of the time of this filing, continue to advertise that each CamelBak Tritan Renew Product is "made with 50% recycled material" when they are not.

72. Defendant's business acts and practices are *unlawful* because they violate laws including, Business and Professions Code § 17500 and Civil Code §§ 1770(a)(5), (7), and (9), as set forth herein.

73. Defendant's acts and practices are *unfair* in that (i) they are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers; (ii) they harm consumers in a manner far outweighing any legitimate utility of their conduct; (iii) the injury was not one that consumers reasonably could have avoided; and (iv) they were contrary to legislatively declared and public policy. For example, there is no benefit to advertising products as being made with 50% recycled material where Defendant has no idea whether that statement is true, and where there is a material risk that the products contain far less than 50% recycled material. Further, the federal Lanham Act includes prohibitions on "commercial advertising or promotion" that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 41 U.S.C. § 1125(a). But Defendant is siphoning sales away from manufacturers who compete fairly in the marketplace and do not promote deceptive advertising.

74. These business acts and practices are *deceptive* in that Defendant's untrue and

CLASS ACTION COMPLAINT                                                                 17

misleading CamelBak Recycled Representations were likely to, and in fact did, deceive Plaintiff, the putative Class, and the public. As set forth in the foregoing paragraphs, these misleading and deceptive practices include, *inter alia*, selling Tritan Renew Products with the unqualified promise that they are "made with 50% recycled material" prominently displayed on the exterior of the product packaging and the online marketplace. The Recycled Representation prominently displayed on the exterior of the product packaging and in online advertising is, in fact, false and misleading because (i) the "mass spectrum" recycling method does not and cannot support the exact percentage of recycled material that a particular Product is made with, (ii) many of CamelBak's Tritan Renew Products actually contain far less than the advertised 50 percent recycled material, and this risk is undisclosed, (iii) CamelBak omits critical information that would explain or clarify the method used to determine the amount of recycled material used in the production process, and (iv) CamelBak has publicly admitted that its Tritan Renew Products are only made with 50 percent recycled material "on average" as made possible through mass balance allocation, but (v) CamelBak has failed to remove or adjust product packaging and advertisements that, as of the time of this filing, continue to advertise that each CamelBak Tritan Renew Product is "made with 50% recycled material" when they are not.

75.    Plaintiff and the putative Class Members have suffered harm as a proximate result of Defendant's unfair, unlawful, and deceptive conduct, as all paid the cost of CamelBak Tritan Renew Products and/or paid a price premium on the cost of CamelBak Products.

76.    Plaintiff and putative Class members have suffered an injury in fact resulting in the loss of money as a result of Defendant charging a premium for its Products based on customers' reliance on advertised Recycled Representations that are, in fact, untrue. Because Plaintiff and putative Class Members purchased CamelBak's Products in substantial part based on CamelBak's Recycled Representations, Plaintiff and putative Class Members spent money that they otherwise would not have spent and have been injured as a result.

77.    As a result of Defendant's unlawful, unfair, and deceptive business acts and practices, Plaintiff and the members of the putative Class are entitled to an order, pursuant to Business and Professions Code § 17203, enjoining such future conduct by Defendant and such

other orders and judgments that may be necessary to provide restitution and restitutionary disgorgement of Defendant's ill-gotten gains and to restore to any putative Class Member all monies paid as a result of Defendant's conduct.

## THIRD CAUSE OF ACTION

Violation of California's False Advertising Law ("FAL"),
California Business and Professions Code §§ 17500, *et seq*.
(On Behalf of Plaintiff and the Putative Class)

78.     Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

79.     Plaintiff brings this claim individually and on behalf of the members of the putative Class against Defendant.

80.     Defendant's acts alleged herein violate California Business and Professions Code § 17500. Defendant acted knowingly, recklessly, and in conscious disregard of the true facts in perpetuating their deceptive advertising scheme and causing injuries to Plaintiff and the putative Class.

81.     By the acts and conduct alleged herein, Defendant engaged in deceptive, false, unfair, unlawful, and misleading acts and practices by selling Tritan Renew Products with the unqualified promise that they are "made with 50% recycled material" prominently displayed on the exterior of the product packaging and the online marketplace. The Recycled Representation prominently displayed on the exterior of the product packaging and in online advertising is, in fact, false and misleading because (i) the "mass spectrum" recycling method does not and cannot support the exact percentage of recycled material that a particular Product is made with, (ii) many of CamelBak's Tritan Renew Products actually contain far less than the advertised 50 percent recycled material, and this risk is undisclosed, (iii) CamelBak omits critical information that would explain or clarify the method used to determine the amount of recycled material used in the production process, and (iv) CamelBak has publicly admitted that its Tritan Renew Products are only made with 50 percent recycled material "on average" as made possible through mass balance allocation, but (v) CamelBak has failed to remove or adjust product packaging and

CLASS ACTION COMPLAINT                                                                                            19

advertisements that, as of the time of this filing, continue to advertise that each CamelBak Tritan Renew Product is "made with 50% recycled material" when they are not.

82.     Plaintiff and putative Class Members have suffered an injury in fact resulting in the loss of money as a result of Defendant charging a premium for its Products based on customers' reliance on advertised Recycled Representations that are, in fact, untrue. Because Plaintiff and putative Class Members purchased CamelBak Products in part based on CamelBak's promised Recycled Representations, Plaintiff and putative Class Members spent money that they otherwise would not have spent and have been injured as a result.

83.     As a result of Defendant's false and misleading pricing practices, misrepresentations, and omissions, Plaintiff and the putative Class have been injured in amounts not yet ascertained, but which are believed to exceed the hundreds of thousands, or possibly millions, of dollars in the aggregate.

84.     Plaintiff requests restitution and an injunction prohibiting Defendant from continuing its false and misleading advertising practices in violation of California law in the future.

### FOURTH CAUSE OF ACTION
Common Law Fraud/Fraudulent Concealment
(On Behalf of Plaintiff and the Putative Class)

85.     Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

86.     Defendant made material omissions concerning a presently existing or past fact. For example, Defendant knew about but did not fully and truthfully disclose to its customers the details of their Recycled Representations as set forth above.

87.     The facts concealed or not disclosed by Defendant to Plaintiff and putative Class Members are material in that a reasonable consumer would have considered them to be a substantial factor in deciding whether to purchase Defendant's Products or pay a lesser price.

88.     Defendant had a duty to disclose the true limitations of their Recycled Representations regarding their Products because knowledge of the true nature of the Recycled Representations and their details were known and/or accessible only to Defendant; Defendant had superior knowledge and access to the facts; and Defendant knew the facts were not known to, or

CLASS ACTION COMPLAINT                                                                    20

reasonably discoverable by, Plaintiff and putative Class Members prior to their purchase of Defendant's Products.

89.   Defendant also had a duty to disclose because they made general affirmative representations about the recycled content of its Products, including recycled amounts, as set forth above, which were misleading, deceptive, and incomplete without the disclosure of the additional facts, set forth above, regarding the actual recycled content of its Products.

90.   Had Plaintiff and the putative Class known about the illusory nature of Defendant's Recycled Representations, they would not have purchased the Products or would have paid substantially less for them.

91.   As a result, Plaintiff and the other putative Class Members were fraudulently induced to purchase Defendant's Products.

92.   These omissions were made by Defendant with knowledge of their falsity, and with the intent that Plaintiff and putative Class Members would rely upon them.

93.   Plaintiff and putative Class Members reasonably relied on these omissions and suffered damages as a result.

94.   Plaintiff and the Class are also entitled to punitive or exemplary damages. Defendant, through its senior executives and officers, undertook the illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, malice, and/or oppression. Based on the allegations above, Defendant's actions were fraudulent because Defendant intended to and did deceive and injure Plaintiff and the Class. Based on the allegations above, Defendant's conduct was made with malice because Defendant acted with the intent to and did cause injury to Plaintiff and the Class, and because Defendant willfully and knowingly disregarded the rights of Plaintiff and the Class.

## FIFTH CAUSE OF ACTION

Unjust Enrichment
(On Behalf of Plaintiff and the Putative Class)

95.   Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

CLASS ACTION COMPLAINT                                                          21

96. This claim is pleaded in the alternative to the other claims set forth herein. Plaintiff pleads this claim as a quasi-contractual claim seeking restitution.

97. As the intended and expected result of their conscious wrongdoing, Defendant profited and benefited from the purchase of their Products with illusory Recycling Representation by charging customers premium prices for Products with Recycled Representations that are untrue.

98. Defendant voluntarily accepted and retained these profits and benefits, with full knowledge and awareness that, as a result of Defendant's misconduct alleged herein, Plaintiff and the putative Class were not receiving Products of the quality, nature, fitness, or value that had been represented by Defendant, and that a reasonable consumer would expect. Specifically, Plaintiff and the putative Class members expected that when they purchased the Products, they would have a more valuable product, including Products each made with recycled content at the amount stated on exterior packaging and online, but they did not.

99. Defendant has been unjustly enriched by its fraudulent, deceptive, unlawful, and unfair conduct, and withholding of benefits and unearned monies from Plaintiff and the putative Class, at the expense of these parties, including the difference in price between a water bottle that was made with recycled content at the amount stated on exterior packaging and online, and a water bottle that contains no such recycled content or with the challenged representation omitted.

100. Equity and good conscience militate against permitting Defendant to retain these profits and benefits.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, requests that the Court enter judgment against Defendant as follows:

    a. Certification of this case as a class action on behalf of the proposed Class and any subclasses defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class counsel;

    b. An award to Plaintiff and the Class of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits Defendant obtained from each Plaintiff and the proposed Class as a result of its unlawful, unfair and fraudulent business practices described herein;

c.  An injunction ordering Defendant to cease the false advertising and unfair business practices complained of herein;

d.  An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

e.  An award of nominal, punitive, and statutory damages where available;

f.  Reasonable expenses and attorneys' fees;

g.  Pre- and post-judgment interest, to the extent allowable; and

h.  For such further relief that the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff, individually and on behalf of the proposed Class, demands a trial by jury on all issues so triable.

Dated: March 14, 2025

Respectfully submitted,

/s/ Alexander E. Wolf
Alexander E. Wolf (CA Bar No. 299775)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel: 872-365-7060
awolf@milberg.com

Hassan A. Zavareei (CA Bar No. 181547)
Shana Khader (PHV forthcoming)
F. Peter Silva II (CA Bar No. 348070)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
P: (202) 973-0900
F: (202) 973-0950
hzavareei@tzlegal.com
skhader@tzlegal.com
psilva@tzlegal.com

Cort T. Carlson (CA Bar No. 348126)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: 510-254-6808
F: 202-973-0950
ccarlson@tzlegal.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT                                                                    23

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alexander E. Wolf (SBN 299775, Milberg Coleman Bryson Phillips Grossman, PLLC 280 South Beverly Drive, Penthouse, Beverly Hills, CA 90212 | **Electronically FILED by Superior Court of California, County of Los Angeles 3/14/2025 9:49 AM David W. Slayton, Executive Officer/Clerk of Court, By G. Cordon, Deputy Clerk** |

TELEPHONE NO.: (872) 365-7060       FAX NO. *(Optional):*
E-MAIL ADDRESS: awolf@milberg.com
ATTORNEY FOR *(Name):* Plaintiff, Muriel Francis-Hoyle

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Muriel Francis-Hoyle v. CamelBak Products, LLC

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **25STCV07440** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 5
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 14, 2025
Alexander E. Wolf
_____
(TYPE OR PRINT NAME)

▶ *Alexander C. Wolf*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Muriel Francis-Hoyle v. CamelBak Products, LLC | 25STCV07440 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Muriel Francis-Hoyle v. CamelBak Products, LLC | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** ||||
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** ||||
| **Non-Personal Injury/Property Damage /Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ 3501 Other Non-Personal Injury/Property Damage Tort | ☐1⃞ 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Muriel Francis-Hoyle v. CamelBak Products, LLC | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                              Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Muriel Francis-Hoyle v. CamelBak Products, LLC | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE                                         | CASE NUMBER |
|-----------------------------------------------------|-------------|
| Muriel Francis-Hoyle v. CamelBak Products, LLC      |             |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| Miscellaneous Civil Petitions | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON:<br>☑ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 03/14/2025 _____

_Alexander C. Wolf_ _____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Hassan A. Zavareei (CA Bar No. 181547)
Shana Khader (PHV forthcoming)
F. Peter Silva II (CA Bar No. 348070)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
P: (202) 973-0900
F: (202) 973-0950
hzavareei@tzlegal.com
skhader@tzlegal.com
psilva@tzlegal.com

Alexander E. Wolf (CA Bar No. 299775)
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC**
awolf@milberg.com
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Telephone: 872-365-7060

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/14/2025 9:49 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MURIEL FRANCIS-HOYLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMELBAK PRODUCTS, LLC,<br><br>Defendant. | CASE NO: 25STCV07440<br><br>**VENUE DECLARATION** |

I, Muriel Francis-Hoyle, declare as follows:

1.      I am a class action Plaintiff in this matter and an individual over eighteen years of age.  I make this declaration as required by California Civil Code § 1780(d).

2.      The Complaint in this action is filed in a proper place because a substantial portion of the events alleged in the Complaint occurred in this district.  I reside in Los Angeles County and I purchased the product at issue while present in Los Angeles County.  As such, it is my understanding that Defendant does business in this county and district.

3.      I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.


Dated: March 13 , 2025

*Muriel Francis-Hoyle*
_____
                Muriel  Francis-Hoyle

VENUE DECLARATION                                                                                                    1

 # Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs**
    https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

    Day of trial mediation programs have been paused until further notice.

    **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| LACIV 229 (Rev 02/15) LASC Approved 04/11 | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 2 of 2 |



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new) <br> LASC Approved 04/11 <br> For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**
For Optional Use                                                                    Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | Clear |
|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                                  )   ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation            )   EXTENDING TIME TO RESPOND BY
Stipulations                                     )   30 DAYS WHEN PARTIES AGREE
                                                 )   TO EARLY ORGANIZATIONAL
                                                 )   MEETING STIPULATION
                                                 )

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
– MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                                      )
                                      )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

     a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

     b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

     c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

     d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/14/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____G. Cordon_____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV07440 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | David S. Cunningham III | 11 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 03/14/2025 _____          By G. Cordon _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

Alexander E. Wolf (CA Bar No. 299775)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel: 872-365-7060
awolf@milberg.com

Hassan A. Zavareei (CA Bar No. 181547)
Shana Khader (PHV forthcoming)
F. Peter Silva II (CA Bar No. 348070)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
P: (202) 973-0900
F: (202) 973-0950
hzavareei@tzlegal.com
skhader@tzlegal.com
psilva@tzlegal.com

Cort T. Carlson (CA Bar No. 348126)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
P: 510-254-6808
F: 202-973-0950
ccarlson@tzlegal.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/17/2025 6:58 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Davis, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MURIEL FRANCIS-HOYLE, individually and on behalf of all others similarly situated, | CASE NO: 25STCV07440 |
| Plaintiff, | **NOTICE OF RELATED CASE** |
| v. | |
| CAMELBAK PRODUCTS, LLC, | |
| Defendant. | |

Plaintiff Muriel Francis-Hoyle ("Plaintiff") hereby identifies the following related case:

Case Name: *Amanda Schwartz v. CamelBak Products LLC, Vista Outdoor Inc., and Vista Outdoor Sales LLC*, Case No. 3:25-cv-00656-MMC (N.D. Cal.)
Judge: Hon. Maxine M. Chesney
Filing Date: January 17, 2025
Status: Pending

The instant action and the *Schwartz* action both allege that CamelBak Products, LLC ("CamelBak" or "Defendant") deceptively advertised certain plastic water bottles as being "made with 50% recycled material." However, the instant action is brought on behalf of a California-only putative class against a California-based defendant, whereas the *Schwartz* action is brought on behalf of a putative nationwide class against additional non-California defendants.

Dated: March 17, 2025                              Respectfully submitted,

                                                  */s/ Alexander E. Wolf*
                                                  Alexander E. Wolf (CA Bar No. 299775)
                                                  **MILBERG COLEMAN BRYSON**
                                                  **PHILLIPS GROSSMAN, PLLC**
                                                  280 South Beverly Drive, Penthouse
                                                  Beverly Hills, CA 90212
                                                  Tel: 872-365-7060
                                                  awolf@milberg.com

                                                  Hassan A. Zavareei (CA Bar No. 181547)
                                                  Shana Khader (PHV forthcoming)
                                                  F. Peter Silva II (CA Bar No. 348070)
                                                  **TYCKO & ZAVAREEI LLP**
                                                  2000 Pennsylvania Avenue NW, Suite 1010
                                                  Washington, DC 20006
                                                  P: (202) 973-0900
                                                  F: (202) 973-0950
                                                  hzavareei@tzlegal.com
                                                  skhader@tzlegal.com
                                                  psilva@tzlegal.com

                                                  Cort T. Carlson (CA Bar No. 348126)
                                                  **TYCKO & ZAVAREEI LLP**
                                                  1970 Broadway, Suite 1070
                                                  Oakland, CA 94612
                                                  P: 510-254-6808
                                                  F: 202-973-0950
                                                  ccarlson@tzlegal.com

                                                  *Attorneys for Plaintiff*

NOTICE OF RELATED CASE                                                    1